UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE BLUE GRAND JURY           Case No. 21-MC-0033 (PJS)

ORDER

This Court has been supervising the Blue Grand Jury since it was impaneled in June 2019.

The United States Supreme Court has "consistently . . . recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979) (footnote omitted). The Supreme Court has described the reasons for protecting the secrecy of grand jury proceedings as including:

> "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

*United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958) (quoting *United States v. Rose*, 215 F.2d 617, 628–29 (3d Cir. 1954)).

In order to safeguard the secrecy of grand jury proceedings, federal prosecutors are generally prohibited from disclosing matters occurring before a grand jury. Fed. R. Crim. P. 6(e)(2)(B)(vi). There are exceptions; prosecutors may, for example, make disclosures to government personnel necessary to assist a prosecutor in enforcing federal law. *Id.* 6(e)(3)(A)(ii). Government personnel to whom such disclosures are made are also prohibited from disclosing matters occurring before a grand jury. *Id.* 6(e)(2)(B)(vii).

With the permission of a court, a federal prosecutor may also disclose grand jury matters to appropriate state officials for the purpose of enforcing state law. *Id.* 6(e)(3)(E)(iv). The court may direct that disclosures to state officials take place "at a time, in a manner, and subject to any other conditions that it directs." *Id.* 6(e)(3)(E). Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(iv), this Court issued orders on February 8, February 19, and March 1, 2021, authorizing the United States to disclose certain grand jury materials to attorneys from the Minnesota Attorney General's Office. Each order requires the United States to inform the Minnesota Attorney General's Office that the grand jury materials were provided only for use in the enforcement of state law. Moreover, each order requires the United States to inform the Minnesota Attorney

General's Office that it was prohibited from disclosing any grand jury materials to any person other than for the purpose of investigating and prosecuting potential violations of state law.  Each order also directs that, if the Minnesota Attorney General's Office determines that the materials must be disclosed to persons outside that office, it must first seek a protective order or agreement limiting disclosure to only those persons who need access to prepare for trial and prohibiting such persons from using the materials for any other purpose.

On February 23, 2021, the *New York Times* published an article headlined "With New Grand Jury, Justice Department Revives Investigation Into Death of George Floyd."[1]  On April 29, 2021, the (Minneapolis) *Star Tribune* published an article headlined "Feds plan to indict Chauvin, other three ex-officers on civil rights charges."[2] Both articles provide reason to believe that "matter[s] occurring before the grand jury" were disclosed to reporters in violation of Fed. R. Crim. P. 6(e).

"A knowing violation of Rule 6, or of any guidelines jointly issued by the Attorney General and the Director of National Intelligence under Rule 6, may be

---

[1]*See* https://www.nytimes.com/2021/02/23/us/george-floyd-death-investigation-doj.html (last accessed May 5, 2021).

[2]*See* https://www.startribune.com/feds-plan-to-indict-chauvin-other-three-ex-officers-on-civil-rights-charges/600051374/ (last accessed May 5, 2021).

punished as a contempt of court." Fed. R. Crim. P. 6(e)(7). Courts are authorized to initiate criminal contempt proceedings and, if necessary to the interests of justice, to appoint a private attorney to act as a special prosecutor in those contempt proceedings. Fed. R. Crim. P. 42(a)(2); *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 793 (1987).

To assist the Court in determining how to proceed with respect to the apparent violation of Fed. R. Crim. P. 6(e), the Court will order the United States and the State of Minnesota to provide the Court with a list of every person to whom a matter occurring before the Blue Grand Jury was disclosed by an employee or agent of either sovereign. The Court will also order the United States to show cause why it is not in the interest of justice for this Court to appoint independent counsel to investigate and possibly prosecute criminal contempt charges relating to the apparent disclosures of matters occurring before the Blue Grand Jury.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. No later than Friday, June 4, 2021, the United States must file under seal an affidavit that identifies every person to whom any of its employees or agents has disclosed a matter occurring before the Blue Grand Jury. This list should include, but not be limited to, disclosures by one employee or

agent of the United States to another. This list should not include disclosures unrelated to the matters described in the *New York Times* and *Star Tribune* articles cited in this order.

2. No later than Friday, June 4, 2021, the United States must file under seal a memorandum showing cause why it is not in the interest of justice for this Court to appoint disinterested private counsel to investigate and possibly prosecute criminal contempt charges relating to the apparent disclosures of matters occurring before the Blue Grand Jury.

3. No later than Friday, June 4, 2021, the State of Minnesota must file under seal an affidavit that identifies every person to whom any of its employees or agents has disclosed a matter occurring before the Blue Grand Jury. This list should include, but not be limited to, disclosures by one employee or agent of the State of Minnesota to another.

4. The United States is ordered to immediately serve a copy of this order upon the State of Minnesota.

Dated: May 5, 2021                           s/Patrick J. Schiltz
                                                                             Patrick J. Schiltz
                                                                            United States District Judge